# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1903 | **DATE** | 5/14/2004 |
| **CASE TITLE** | United States of America for the Use and Benefit of James Cape & Sons vs. American Home Assurance Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, plaintiff's motion for leave to file an amended complaint and consolidated and amended affirmative defenses [#66] is granted in part and denied in part. Plaintiff may file an amended complaint adding counts for breach of contract and bad faith and may file consolidated and amended affirmative defenses adding the same issues by May 28, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **8** | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | **MAY 18 2004** | **74** |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 5/14/2004 | |
| | | | | date mailed notice | |
| MD | courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

DOCKETED
MAY 1 8 2004

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of JAMES CAPE & SONS COMPANY, a Wisconsin Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME ASSURANCE CO., a New York corporation, et al.,<br><br>Defendants and Third Party Plaintiff. | No. 02 C 1903<br>Judge Joan H. Lefkow |

## MEMORANDUM DECISION AND ORDER

Plaintiff/third-party defendant, James Cape & Sons Company ("Cape"), seeks leave to file an Amended Complaint against American Home Assurance Company ("American Home") and leave to file Consolidated and Amended Affirmative Defenses to American Home's Third Party Complaint. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

On or about July 22, 1999, Bowles Construction Services, Inc. ("Bowles") entered into a contract with the United States Army Corps of Engineers ("Army") to perform certain construction improvements on a project commonly referred to as the Chicago Shoreline Improvements in Chicago, Illinois (the "Project"). Pursuant to its contract with the Army and the Miller Act, 40 U.S.C. § 3131, Bowles was required to obtain a performance bond guaranteeing its performance of its obligations under the contract and a payment bond guaranteeing Bowles' payments to persons or entities providing labor or materials to the project.

74

On or about August 25, 1999, Bowles and Cape entered into a written subcontract whereby Cape agreed to perform certain work on the Project. To assist Bowles in obtaining the payment bond for the Project, Cape requested that American Home issue the payment bond on behalf of Bowles. To secure issuance of the payment bond, Cape, Curkeet Services, Inc., Cape Brothers Realty & Equipment Co., Christopher C. Cape, W. Robert Cape, William R. Cape, and Amy Cape (collectively, the "Cape Indemnitors") executed a General Contract of Indemnity ("Indemnity Agreement") for the benefit of American Home. American Home then executed and provided a payment bond pursuant to the Miller Act, 40 U.S.C. §§ 270(a)-(d), in the amount of $2,500,000 (the "Payment Bond").

Beginning in or around August, 2000, Bowles ceased to pay Cape for its labor or materials, except for two miscellaneous fund transfers. Despite not paying Cape, Bowles continued to submit pay applications to the Army for reimbursement and continued to receive payment for Cape's work. Cape notified American Home of Bowles' failure to pay. American Home then contacted the Army to notify it of Bowles' failure and to "request that [the Army] take such actions as necessary to prevent prejudice to either American Home or to Cape, its indemnitor." (Def. Group Ex. 7.)

On February 21, 2001, Cape filed against Bowles a Demand for Arbitration with the American Arbitration Association to resolve the dispute arising out of Bowles' failure to pay Cape. The arbitrators found in favor of Cape and awarded compensatory damages, equitable remedies, and attorneys' fees in the amount of $2,560,279.62. On June 21, 2002, the Circuit Court of Cook County, Illinois confirmed the arbitration award, which was subsequently modified in other respects on October 21, 2002. To date, Bowles has failed to pay.

On March 15, 2002, while the matter between Cape and Bowles was pending in state court, Cape filed its initial Complaint against American Home seeking payment for its work on the Project under the Payment Bond. Between April 24, 2002, and November 26, 2002, several other subcontractors filed claims against the Payment Bond. Since the total sum of the pending claims against the Payment Bond exceeded the total limit of American Home's exposure of $2,500,000, American Home consolidated several of the suits and filed a counterclaim against all known Bond claimants seeking a determination of each claimant's rights, if any, against the Payment Bond. In addition, American Home filed a Third Party Complaint against the Cape Indemnitors seeking an order requiring the Cape Indemnitors to indemnify American Home from all claims against the Payment Bond. On September 17, 2002, Cape filed its answer and affirmative defenses to American Home's indemnity complaint.

By virtue of the assertion of liability under the Indemnity Agreement, Cape entered into settlement agreements with the four of the subcontractors seeking payment under the Payment Bond (the "subcontractor claimants"). Cape settled these claims between October 3, 2002, and October 2, 2003. The subcontractor claimants' suits against American Home were subsequently dismissed with prejudice. Cape has also agreed in principle to settle another of the claims against the Payment Bond.

On May 14, 2003, Cape submitted its first discovery request to American Home. American Home failed to produce any documents. On January 15, 2004, this court ordered American Home to respond to Cape's discovery requests by January 30, 2004. On February 4, 2004, Cape received from American Home certain discovery materials that Cape alleges

demonstrate that American Home breached the Indemnity Agreement by failing to take action to rectify Bowles' nonpayment.

Cape now seeks leave to amend its Complaint against American Home to include a subrogation count for the four claims that Cape settled with the subcontractor claimants and to include counts alleging that American Home breached its contractual and legal duty to exercise good faith and fair dealing by failing to take action to rectify Bowles' failure to pay Cape. Cape also seeks to amend its affirmative defenses to American Home's indemnity action to include the defenses that American Home breached the indemnity contract and that American Home acted in bad faith.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." The Seventh Circuit has held that leave to amend pleadings should be liberally granted unless (1) the movant unduly delayed filing its motion for leave to amend; (2) the opposing party would suffer undue prejudice; or (3) the amended pleading would be futile. *Campania Management Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002)(citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Undue prejudice "is the most important factor in determining whether to allow an amendment to a complaint." *Ameritech Mobile Communications, Inc. v. Computer Sys. Solutions, Inc.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999).

I. *Undue Delay*

Cape did not unduly delay filing its motion. On May 14, 2003, Cape submitted its first discovery request to American Home. American Home failed to produce any documents to Cape

until February 4, 2004. According to Cape, the documents produced on February 4 contain information that it believes demonstrate that American Home breached the indemnity agreement and acted in bad faith. Cape promptly sought to add these claims to its complaint, filing its motion for leave to amend on February 17, 2004. Furthermore, during the period from October, 2002, to October, 2003, Cape settled four outstanding bond claims and thus became subrogated to the rights of those claimants. The combination of Cape's successful year-long effort to settle the bond claims and the fact that American Home did not produce its documents until February 4, 2004, after which Cape filed its motion in less than two weeks, refutes any suggestion that Cape unduly delayed filing its motion.

II. *Prejudice*

An amendment will almost always result in some level of prejudice, so the relevant inquiry is "whether *undue* prejudice will result from amending a complaint." *Grun* v. *Pneumo Abex Corp.*, No. 90 C 5273, 1993 WL 13411, at *3 (N.D.Ill. Jan.21, 1993)(citing *Hess* v. *Gray*, 85 F.R.D. 15, 20 (N.D.Ill.1979)) (emphasis in original). In determining whether undue prejudice exists, courts must balance each party's interests: "This balancing 'entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.'" *Sitrick* v. *Freehand Systems, Inc.*, No. 02 C 1568, 2004 WL 725306, at *4 (N.D. Ill March 31, 2004)(quoting *Ameritech*, 188 F.R.D. at 283).

Cape clearly will suffer hardship if leave to amend is denied, while the prejudice to American Home if leave to amend is granted will be slight. Because American Home failed to produce discovery documents until February, 2004, Cape was unaware of any legitimate breach

5

of contract and bad faith claims and affirmative defenses. Any prejudice to American Home resulting from allowing Cape to amend its Complaint and Affirmative Defenses is attributable to American Home's, not Cape's, delay. American Home's argument that granting Cape leave to amend would require expensive and time-consuming new discovery is unpersuasive where timely action on American Home's part would have avoided this inefficiency.

III. *Futility*

A proposed amendment to a pleading is futile if "it sets forth facts or legal theories that are redundant, immaterial, or unresponsive to the allegations in the complaint." *Campania Management*, 290 F.3d at 850. American Home first argues that Cape's subrogation claims are futile because they are barred by *res judicata*. Cape responds that the subrogation claims are not barred by *res judicata* because there is not an identity of the parties between the instant case and the earlier bond claims by other subcontractors. Cape also points out that, in order for the common law of subrogation to work, after Cape settled the various bond claims, the bond claimants necessarily had to dismiss their claims against American Home.

The actions against American Home by the subcontractor claimants were dismissed with prejudice. "A dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action." *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971). Thus, the subcontractor claimants are barred by *res judicata* from attempting now to bring those claims against American Home. By settling these claims, Cape is subrogated to the rights of the subcontractor claimants. When proceeding in subrogation, the subrogee "stands in the place of one whose claim he has paid." *United States v. California*, 507 U.S. 746, 756 (1993)(quoting *United States v. Munsey Trust Co.*, 332 U.S. 234, 242 (1947)). The

6

subrogee, who has all the rights of the subrogor, "cannot acquire by subrogation what another whose rights he claims did not have." *Id.* Thus, because the subcontractor claimants are barred by *res judicata* from bringing those claims against American Home, Cape is likewise barred. *See United States v. California*, 507 U.S. at 756-57 (After a subrogor dismissed suit without prejudice, the subrogee "could have proceeded only if [subrogor] could have filed a new state-court action at that time, which it could not do" because the statute of limitations had expired.).

On the other hand, there is no such bar to Cape's breach of contract and bad faith claims and affirmative defenses. American Home, as indemnitee, owed Cape, as indemnitor, a duty of good faith and fair dealing in all issues relating to the Indemnity Agreement. *Resolution Trust Co. v. Harris Trust & Savings Bank*, No. 90 C 7330, 1992 WL 223807, at *9 (N.D. Ill. Sept. 2, 1992). American Home argues persuasively that it did not breach its duty of good faith and fair dealing. However, the court declines to pass on the issue without the benefit of reviewing the complete factual record. Because Cape's amendment is not facially futile, the court grants Cape's motion for leave to amend its Complaint and Affirmative Defenses to include counts and defenses of breach of contract and bad faith.

## CONCLUSION

For the reasons stated above, Cape's Motion for Leave to File an Amended Complaint and Consolidated and Amended Affirmative Defenses [#66] is granted in part and denied in part. Cape may file an Amended Complaint adding counts for breach of contract and bad faith and

may file Consolidated and Amended Affirmative Defenses adding the same issues by May 28, 2004.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 14, 2004